BY THE COURT:
Robert Dale Conklin is an inmate on Georgia’s death row. On April 21, 2004, we affirmed the denial of his first petition seeking 28 U.S.C. § 2254 habeas corpus relief. See Conklin v. Schofield, 366 F.3d 1191 (11th Cir.2004), cert. denied, — U.S. —, 125 S.Ct. 1703, 161 L.Ed.2d 531 (2005). This afternoon the Georgia Supreme Court denied Conklin’s Consolidated Application for Certificate of Probable Cause to Appeal and Motion for Stay of Execution. Conklin thereafter filed in this Court an application for an order permitting the district court to consider a second habeas petition and a Motion for Stay of Execution pursuant to 28 U.S.C. § 2244(b).
We are constrained by 28 U.S.C. § 2244 to dismiss claims in a second or successive petition for habeas corpus if the claims have been presented in a previous application. Section 2244(b)(1) permits Courts of Appeal to entertain claims that have not *1283 been presented in a prior application only if the applicant makes a prima facie showing that one of the two following requirements has been satisfied:
(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying 'the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
See also 28 U.S.C. _§ 2244(b)(3)(C) (setting forth prima facie showing requirement).
Conklin makes several new claims in his application, all based on the “new evidence” exception to the bar against successive habeas petitions. These claims can be broken down into two groups: First Conklin claims that new evidence shows that no reasonable factfinder could find aggravating circumstances that would justify imposition of the death penalty; second, he argues that the Georgia Supreme Court failed to apply Chapman v. California’s harmless error standard. 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We address these arguments in turn.
Citing the Due Process Clause, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Eighth Amendment prohibition of cruel and unusual punishment, Conklin claims that the prosecutor acted improperly in preventing the ■ opinion of Dr. Saleh Zaki, the state medical examiner, from being presented to the jury and mischaracterizing his opinion in front of the jury. This, Conklin asserts, prevented him from discovering this evidence, even with the exercise of due diligence. Furthermore, Conklin argues that the “evidence as a whole” demonstrates that he is “not guilty” of the underlying capital offense. For this proposition, Conklin cites Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).
Furthermore, Conklin claims that the Georgia Supreme Court failed to apply Chapman, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, in which the Supreme Court held that a court reviewing a federal constitutional error must determine whether the error was harmless beyond a reasonable doubt.
The basis of these new claims is new evidence submitted in the form of Dr. Zaki’s 2005 opinion and Dr. Spitz’s new opinion (to be contrasted with his earlier “Report”). With regard to his Chapman claim, Conklin seems to argue that today’s decision by the Supreme Court of Georgia is the new evidence upon which his claim is based. Even assuming this court decision is a new fact,[1] Conklin cannot show that no reasonable factfinder would have found the aggravating circumstances necessary to find him guilty of a crime warranting the death penalty. See 28 U.S.C. § 2244(b)(l)(B)(ii).
With respect to Conklin’s other claims, he likewise cannot meet the strin *1284 gent requirements of § 2244(b). Conklin has not demonstrated that he could not have discovered this new evidence with the exercise of due diligence. For example, Conklin could have obtained an affidavit for his first habeas petition, or discovered Dr. Zaki’s discomfort with the prosecution’s characterization of his opinion on cross-examination. Nor has Conklin established that he is factually innocent by clear and convincing evidence. See 28 U.S.C. § 2244(b)(l)(B)(ii); Murray, 477 U.S. 478, 106 S.Ct. 2639.
We continue to be concerned about the limits placed on defense counsel by the trial judge. It is difficult to justify the trial court’s denial of counsel’s request for more time, when he was given only thirty-seven days to mount a defense. Further deepening our concern is the trial judge’s insistence on denying counsel’s motion for modest funds to hire an expert crucial to Conklin’s defense. See Conklin, 366 F.3d at 1210 (“We are unable to understand why a trial judge would refuse to grant a short continuance and afford a first-degree murder defendant $2,500 of available state funds to hire an expert crucial to his defense.”). Despite our misgivings, the limits on our jurisdiction do not permit us to query further. We feel these constraints keenly, and without further guidance from the Supreme Court as to the scope of Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985),[2] we are compelled to this result. Nevertheless, for the foregoing reasons, we deny Conklin’s application to file a successive habeas corpus petition.[3]
APPLICATION DENIED.

. Conklin cites to Johnson v. United States, — U.S. —, 125 S.Ct. 1571, 1580, 161 L.Ed.2d 542 (2005), for this proposition. Johnson involved a first § 2255 petition. We need not determine here whether a court decision can be a new fact in a case involving a successive habeas petition.

. In particular, it is unclear whether the Sixth Amendment guarantees a defendant the right to a non-psychiatric expert who is crucial to prove his only defense: self-defense.

. Conklin's Motion for a Stay is also denied.